IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Vincent Brown, | ) | C/A No.: 5:19-cv-01539-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lt. Oscar Levels; Sgt. McColough; | ) | |
| Asst. Dental A. Ridgeway; Mr. McClurry; | ) | |
| Associate Senior Warden Kendall; Captain | ) | |
| Loyd; C/O Friarson; C/O Carmen Jackson; | ) | |
| Captain McCullough; Mental Health Tech | ) | |
| Rosa Privitt; Mental Health Tech Mojo; and | ) | |
| Mental Health Ms. Fox | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 78) recommending the Court deny Plaintiff's motion for preliminary injunction. (Dkt. No. 65.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to deny Plaintiff's motion for preliminary injunction.

I. **Background**

Plaintiff, Vincent Brown, proceeding *pro se*, filed an action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The matter before the Court is Plaintiff's motion for preliminary injunction, filed on September 18, 2019. (Dkt. No. 65.) Plaintiff is currently housed at the Broad River Correctional Institute.[1] (Dkt. No. 1-5 at 5.) (Dkt. No. 1-4 at 19.) In his motion, Plaintiff maintains the living conditions while he was housed at Lee Correctional Institute

---

[1] Plaintiff's supplemental documentation indicates he was transferred from Lee Correctional Institute to Broad River Correctional Institute on September 23, 2019. (Dkt. No. 1-5 at 65.) The transfer occurred after Plaintiff filed the instant motion for preliminary injunction.

1

amount to cruel and unusual punishment in violation of his Eighth Amendment rights. (*Id.* at 2.) Plaintiff contends he did not receive timely or adequate medical attention with regard to his physical and mental wellness. (*Id.* at 3–5.) He contends that the living conditions were unsanitary with no light. (*Id.* at 2.) Plaintiff requests for the Court to "intervene to secure actual evidence" and to "take Judicial Notice of his living conditions." (*Id.* at 7.) In addition, he asks the Court to take pictures of the dirty cells. (*Id.*) Defendants filed a motion in opposition to Plaintiff's motion for preliminary injunction. (Dkt. No.71.) The Magistrate Judge issued an R & R denying Plaintiff's motion for preliminary injunction on September 25, 2019. (Dkt. No. 78.)

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

## B. Preliminary Injunction

Rule 65 of the Federal Rules of Civil Procedure provides that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). A preliminary injunction is warranted when the movant demonstrates four factors: (1) the movant's likelihood of success on the merits, (2) whether the movant will face irreparable harm in the absence of preliminary relief, (3) whether the balance of equities favors preliminary relief, and (4) whether injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. Discussion

Upon a review of the R & R and the parties' arguments, the Court finds the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion should be denied. The Court agrees with the Magistrate Judge's findings that Plaintiff's motion does not satisfy the *Winter* standard. Plaintiff contends several times that he has not received adequate or timely medical care (Dkt. No. 65 at 2–5), which amounts to cruel and unusual punishment in violation of his Eighth Amendment rights. (*Id.* at 1.) The Plaintiff engages in a discussion of the Eighth Amendment's prohibition on cruel and unusual punishment, which imposes certain duties on prison officials to include taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. at 825, 832 (1994) (Dkt. No. 65 at 1–3.) Refusal to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff's motion for preliminary injunction contains vague claims for proper medical, dental, and mental health care services. (Dkt. No. 65 at 5.) There is a specific allegation where Plaintiff alleges, he waited several weeks to receive treatment for a broken tooth. (*Id.*) The

Complaint reflects that his tooth was operated on and fixed within thirty-five days of the initial injury. (Dkt. No. 1 at 12.) Plaintiff filed a Request to Staff Member on September 8, 2019, indicating that something fell off his tooth and it was broken again. (Dkt. No. 1-4 at 17.) Defendant responded on September 10, 2019, indicating Plaintiff would be notified of the first available appointment. (*Id.*) On September 23, 2019, Plaintiff was transferred to the Broad River Correctional Institute. (Dkt. No. 1-5 at 5.) (Dkt. No. 1-4 at 19.) The Plaintiff's allegations do not show Defendants refused to treat his injured tooth, but rather demonstrate Defendant attempted treatment of his injury. The Court agrees with the R & R of the Magistrate Judge that Plaintiff does not demonstrate likelihood of success on the merits.

Second, irreparable harm is not established. Establishing a risk of irreparable harm is not enough, a plaintiff has a burden of proving a 'clear showing of immediate irreparable injury.' *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). While Plaintiff contends he suffers from a broken tooth, which has not been treated for several weeks, causing unnecessary infliction of pain, his request for relief does not include treatment for his tooth.[2] (*Id.*) He requests for the Court to "intervene to secure actual evidence" and to "take Judicial Notice of his living conditions." (*Id.* at 7.) Since the filing of his motion for preliminary injunction, Plaintiff has transferred to the Broad River Correctional Institute and has been removed from the cell described in his motion for preliminary injunction. (Dkt. No. 1-5 at 5.) (Dkt. No. 1-4 at 19.) As such, his allegations do not clearly establish "actual and imminent" injury if a preliminary injunction is not issued. *Direx Israel, Ltd*, 952 F.2d at 812.

---

[2] The record does not reflect Plaintiff's engagement in the grievance process at the Broad River Correctional Institute to address his allegations of a broken tooth. If Plaintiff seeks to address this alleged injury, he may initiate and follow grievance procedures at the institute where he is currently housed.

4

"A preliminary injunction will not issue without a showing of irreparable injury." *Direx Israel, Ltd..*, 952 F.2d at 812 (noting that the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.) As Plaintiff failed to demonstrate irreparable injury, he has failed to establish the necessity of a preliminary injunction. The Court agrees with the R & R of the Magistrate Judge that Plaintiff failed to demonstrate the balance of equities tip in his favor or that a preliminary injunction is within the public interest.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 78.) as the order of the Court and **DENIES** Plaintiff's motion for preliminary injunction (Dkt. No. 65.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 18, 2019
Charleston, South Carolina